## Sinclair v. Women's Health Services, Inc.

On May 6, 1977, plaintiffs filed with the administrator a complaint against defendant, Women's Health Services, Inc. On June 27, 1977, the administrator received defendant's preliminary ob-

jections in the nature of a petition raising question of jurisdiction. On July 11, 1977, the administrator received plaintiffs' answer to defendant's preliminary objections.

As stated by both parties in briefs submitted in support of their respective positions, the sole question raised is whether Women's Health Services, Inc., is a "health care provider" within the meaning of the Health Care Services Malpractice Act, 40 P.S. §1301.101 et seq. (hereinafter the act). Section 103 of the act (40 P.S. §1301.103) defines "health care provider" as:

"[A] primary health center or a person, corporation, facility, institution or other entity licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, an osteopathic physician or surgeon, a podiatrist, hospital, nursing home, . . ."

To qualify as a "health care provider" under the act, defendant must be either a primary health center, or a corporation licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, an osteopathic physician or surgeon, a podiatrist, hospital or nursing home. Defendant has not been licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, osteopathic physician or surgeon, podiatrist, hospital, nursing home or primary health center; and plaintiffs make no allegations to the contrary. The office of the administrator has also checked with the respective licensing boards and departments of the Commonwealth to determine independently if defendant has been so licensed or approved by the Commonwealth, and has been informed that defendant has only a provi-

sional certificate as an abortion clinic. Abortion clinics are not included within the definition of "health care provider" contained in the act.

Therefore, we find that defendant herein has not been licensed or approved by the Commonwealth of Pennsylvania in any of the six categories of "health care provider" upon which the act confers jurisdiction on the arbitration panel system, and therefore we issue the following

## ORDER

And now, August 15, 1977, upon consideration of defendant's preliminary objections, plaintiffs' answer to defendant's preliminary objections, and the briefs submitted by the respective parties, it is hereby ordered and decreed that defendant's preliminary objections are sustained, and plaintiffs' complaint is dismissed because the Arbitration Panels for Health Care, pursuant to the Health Care Services Malpractice Act, 40 P.S. §1301.101 et seq., do not have jurisdiction to hear and decide plaintiffs' claims because defendant is not a "health care provider" within the terms of the act.